UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GARY RAYMOND HARVEY,<br><br>Defendant. | Case No. 3:11-cr-00194-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Before the Court are Defendant Gary Raymond Harvey's motions to dismiss (Dkts. 92 & 93). The Court finds that a response from the government or oral argument will not assist the decisional process. Based on the pleadings and record before it, the Court will deny the Motions, as more fully expressed below.

## INTRODUCTION

Defendant Gary Raymond Harvey was indicted on August 23, 2011, with ten counts of false claims for refund, in violation of 18 U.S.C. § 287. Harvey was represented for a time by Federal Defender Robert Fischer, who moved to withdraw citing

MEMORANDUM DECISION AND ORDER - 1

irreconcilable differences.  The Court granted the motion and appointed substitute counsel from the CJA panel, John Miller, who currently represents Defendant.  At a June 12, 2012 status conference, in which Mr. Miller, Harvey, and AUSA Cook participated, the Court advised the parties it would allow hybrid representation.  The Court allowed Harvey to file pre-trial motions on his own behalf when such motions were against the advice of his counsel.

The deadline for filing all pretrial motions was August 8, 2012.  Harvey previously filed four motions to dismiss by this deadline, which were denied.  He now files two additional motions to dismiss.  The August 8, 2012 deadline has passed.

## DISCUSSION

**1. First Motion to Dismiss -- Mandatory Judicial and Administrative Notice; in the Nature of a Writ of Error, Coram Nobis, and a Demand for Dismissal for Failure to State the Proper Jurisdiction and Venue.**

Harvey's first motion to dismiss cobbles together a series of apparently inter-related arguments.  However, the motion fails for a number of reasons.  First, the deadline for filing pretrial motions has passed, and therefore Harvey's motions are untimely.

Second, Harvey has failed to meet the elements for coram nobis relief, which requires a petitioner to establish: (1) that a more usual remedy is unavailable; (2) a valid basis for failing to challenge the conviction earlier; (3) adverse consequences arising from the conviction; and (4) that the error is "of the most fundamental character."

*McKinney v. U.S.*, 71 F.3d 779, 781 (9th Cir. 1995). Harvey has not yet been convicted, so this type of relief has no application to his circumstances.

Third, Harvey's demand for dismissal for failure to state the proper jurisdiction and venue has no basis in law or fact. Although Harvey's arguments are unclear, he seems to challenge the Court's jurisdiction under the Foreign Sovereign Immunities Act (FSIA) and the Eleventh Amendment. At one point he cites FSIA as the basis of his jurisdictional challenge:

> This Court is defined under FRCP Rule 40) as a FOREIGN STATE as defined under 28 USC, CHAPTER 97-JURIDICTIONAL IMMUNITIES OF FOREIGN STATES, Sec. 1602-1611, THE FOREIGN SOVERIGN IMMUNITIES ACT (FISA) allowing the petitioner to challenge jurisdiction, therefore full disclosure of the true jurisdiction of this Court is now being demanded.

Def.'s Motion at 2, Dkt. 92.

At another point, Harvey states that this Court does not have jurisdiction because of the Eleventh Amendment:

> Because the Defendant is a non-corporate entity, and is not registered with any Secretary of State as a CORPORATION, the Prosecution has FAILED to state a claim to which relief can be granted under 12(b)(6). Therefore this matter must be dismissed for lack of political, personam, subject matter jurisdiction and Venue under the 11th Amendment.

*Id.* at 3.

But nothing in FSIA or the Eleventh Amendment supports dismissal of the charges against Harvey. The FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). However, neither this Court nor the U.S. Attorney's

office fall within FSIA's definition of a foreign state. Therefore FSIA does not apply, and Harvey's attempt to use FSIA to support dismissal fails. Harvey's contention that this Court lacks jurisdiction and venue under the Eleventh Amendment because he is not a corporation also fails. The Eleventh Amendment does not restrict this Court's jurisdiction to corporations. Therefore, Harvey's motion to dismiss is denied.

## 2. Second Motion to Dismiss – Lack of Jurisdiction

In his second motion to dismiss, Harvey states the "Plaintiff / Court lacks jurisdiction to hear, convict, or bring any case against this Petitioner under Federal Rules of Civil Procedure 4(j),12(b)(1), (2), (3), (4), (5) & (6) as well as the 4th, 5th, 9th, 10th, 11th and 14th amendments of the Constitution, whereby Petitioner is not subject to a Foreign State." *Def.'s Mot.* at 1-2, Dkt. 93.

The Court understands this second motion to raise the same general refrain about the federal government's power, and its lack of jurisdiction over Harvey – i.e.,that he is not subject to the laws of the United States and the federal government is a foreign state. Such arguments have no legal merit, and therefore Harvey's second motion to dismiss is denied.

## ORDER

IT IS ORDERED THAT:

1. Defendant Gary Raymond Harvey's Motions to Dismiss (Dkts. 92 & 93) are DENIED.

2.  The time between filing of the Motions (Dkts. 92 & 93) and entry of this Order is excludable under 18 U.S.C. § 3161(h)(1)(D).

DATED: October 17, 2012

B. Lynn Winmill
Chief Judge
United States District Court